IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

UNITED STATES OF AMERICA,

   Plaintiff,

v.             Case No. 16-10160-01-JWB

CHRISTINA MARIE MESSERSCHMIDT,

   Defendant.

MEMORANDUM AND ORDER

 This matter is before the court on Defendant's motion for sentence reduction under 18 U.S.C. § 3582(c)(1)(A). (Doc. 46.) After Defendant filed her motion, Assistant Federal Public Defender Laquisha S. Ross entered an appearance and filed a supplement to the motion on Defendant's behalf. (Doc. 51.) The government has filed a response. (Doc. 52.) No reply has been filed and the time for doing so has expired, making the motion ripe for decision. For the reasons stated herein, the motion for sentence reduction is DENIED.

**I. Background**

 Defendant was charged in a December 21, 2016, indictment with one count of bank robbery in violation of 18 U.S.C. § 2113(a). (Doc. 6.) On April 20, 2017, Defendant pled guilty to the charge and was released on bond pending sentencing. (Doc. 22.) Prior to sentencing, the court issued a warrant for Defendant's arrest based on a report that she committed additional offenses while on release. On July 26, 2017, the government filed a superseding information charging two counts of Hobbs Act robbery in violation of 18 U.S.C. § 1951, in addition to the previously charged bank robbery. (Doc. 26.) Defendant pled guilty to the additional charges on September 22, 2017.

The parties entered into a plea agreement pursuant to Fed. R. Crim. P. 11(c)(1)(C) in which they jointly proposed a total sentence of 84 months imprisonment, three years of supervised release, a special assessment of $100 per count, and restitution in the amount of $1,649.25.  (Doc. 35 at 3.)  Under the federal sentencing guidelines, the advisory guideline range for the offenses, based on a total offense level of 33 and a Criminal History Category of I, was 135 to 168 months imprisonment.  (Doc. 38 at 24.)  On November 15, 2017, the Hon. J. Thomas Marten accepted the parties' recommendation and sentenced Defendant to 84 months imprisonment.  (Doc. 41.)

## II.  Motion for Sentence Reduction

On May 17, 2021, Defendant filed a motion under 18 U.S.C. § 3582(c)(1)(A) arguing a sentence reduction was warranted due to her medical condition, including a "poor immune system," and the threat of contracting a COVID-19 infection.  (Doc. 46 at 5.)  The supplement to Defendant's motion elaborates on Defendant's condition, asserting that she suffers from obesity, bipolar depression, post-traumatic stress disorder (PTSD), and hypertension.  (Doc. 51 at 6.)  It points out Defendant is borderline morbidly obese at 5'4" and 230 pounds, which increases her risk of becoming severely ill from COVID-19.  (*Id.* at 7.)  Defendant was in the United States Army and the National Guard from 2002 to 2010.  (Doc. 38 at 32.)  During that time, she was diagnosed with bipolar depression and chronic PTSD by an Army psychiatrist after being admitted to the Army Substance Abuse Treatment Program.  Defendant was deployed with the Army to Iraq on two occasions and experienced combat stresses.[1]  (*Id.* at 8.)  Defendant takes daily medication for hypertension, a condition that increases the risk of suffering severe illness, hospitalization, and

---

[1] The PSR indicates Defendant was deployed to Iraq/Kuwait from November 5, 2004 until October 24, 2005, and again from February 15, 2008 until November 20, 2008. (Doc. 38 at 23.)  She was absent without leave when her unit was deployed in 2010 and was honorably discharged from the service. (*Id.*)  For her service, Defendant was awarded two Commendation Medals, Army Achievement Medal, Good Conduct Medal, National Defense Service Medal, Global War on Terrorism Expeditionary Medal, Global War on Terrorism Service Medal with Campaign Star, Army Service Ribbon, and Armed Forces Reserve Medal.  (*Id.*)

2

death from COVID-19.  (*Id.* at 9.)  Defendant's medical records also include diagnoses of alcohol use disorder, stimulant related disorders, unspecified mood disorder, gastritis, and osteoarthritis. (Doc. 51-2 at 5.)

Defendant is currently incarcerated at Tallahassee FCI.  At the time Plaintiff's brief was filed, there were no COVID-19 infections among inmates there and only one case among staff. (*Id.* at 11.)  Tallahassee FCI now reports 8 inmate cases and no staff cases.  *See* Federal Bureau of Prisons website, COVD-19 Cases,  https://www.bop.gov/coronavirus/ (last accessed September 2, 2021).  Defendant argues there is a likelihood of a COVID-19 outbreak at the facility and that "inherent risks in the prison system … prevent BOP from adequately protecting" her.  (Doc. 51 at 12.)  Defendant argues extraordinary and compelling reasons exist for a sentence reduction given Defendant's medical condition and the risk posed by COVID-19, "especially given the emergence of the Delta variant."  (Doc. 51 at 6.)

Defendant also argues the factors in 18 U.S.C. § 3553(a) support a reduction.  While acknowledging that she committed crimes while on release in this case, Defendant argues that her "poor choices" came against a backdrop of a traumatic childhood that "drove her to alcohol/substance dependency at a very early age."  (Doc. 51 at 14.)  Among other things, at age 12 she was the victim of sexual abuse by a relative, began drinking at age 12, dropped out of school, and between the ages of 14 and 17 traveled with a pimp and prostituted herself, becoming addicted to crack cocaine.  (*Id*.)  Defendant also has a history of mental illness.  She has now served over fifty percent of her sentence; her projected release date, according to the BOP website, is September 20, 2023.  Federal Bureau of Prisons website, https://www.bop.gov/mobile/find_inmate/byname.jsp#inmate_results (last accessed September 1, 2021).  The record shows that, despite her struggles, Defendant obtained a GED in 1999 and a

Bachelor of Science degree in Counseling in 2013, with a concentration in Addiction Studies, from Newman University in Wichita. (Doc. 38 at 22.) Defendant is currently 40 years old. The motion asserts that she has now had four years of sobriety. (Doc. 51 at 15.) She asserts that she benefitted greatly from participation in the Veterans Administration (VA) Domiciliary Psychosocial Residential Rehabilitation Program (PRRTP) during her pretrial release, and argues if the court were to grant compassionate release "a condition of going back through this program could be life-changing…." (*Id*.) Defendant contends that a time-served sentence with appropriate conditions could ensure she remains on a positive path and could greatly reduce any chance of recidivism. (*Id.* at 16.) She has a supportive family and proposes a release plan where she would live with her parents and her son in Wichita. She has monthly income from the VA based on her disability status (an 80% disability rating). She notes that if she is released, she can obtain needed medical treatment from the VA Hospital in Wichita.

The government opposes the motion. Among other things, it asserts that Defendant recently received both shots of the Moderna vaccine. (Doc. 52 at 8.) It argues the "general threat to every non-immune person in the country does not alone provide a basis for a sentence reduction," and "[g]iven the general nature of [Defendant's] COVID-related claim, her lack of any significant medical concerns, and her recent vaccination," Defendant "falls well-short of establishing extraordinary and compelling reasons for compassionate release…."[2] (*Id.* at 9.) Additionally, the government argues the factors in § 3553(a) weigh heavily against any reduction, particularly in light of the nature of Defendant's offenses. (*Id.* at 10-11.)

### III. Legal Standards

---

[2] The government's argument appears to contradict itself. It first concedes that Defendant's medical records "indicate various medical concerns that would constitute extraordinary and compelling reasons for consideration of early release from the BOP," but then cites a "lack of any significant medical concerns" as contributing to a conclusion that Defendant has not shown extraordinary and compelling reasons for compassionate release. (Doc. 52 at 8.)

"Federal courts are forbidden, as a general matter, to modify a term of imprisonment once it has been imposed, but [that] rule of finality is subject to a few narrow exceptions." *United States v. McGee*, 992 F.3d 1035, 1041 (10th Cir. 2021) (quoting *Freeman v. United States*, 564 U.S. 522, 526 (2011)).  One exception is found in the "compassionate release" provision of 18 U.S.C. § 3582(c)(1)(A).  Prior to 2018, that section only authorized the Director of the Bureau of Prisons to move for a sentence reduction.  *McGee*, 992 F.3d at 1041.  The First Step Act changed this to allow a defendant to file her own motion for reduction after she "has fully exhausted all administrative rights to appeal a failure of the [BOP] to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier."  *United States v. Mata-Soto*, No. 20-3223, 2021 WL 3520599, at *1 (10th Cir. Aug. 11, 2021) (quoting 18 U.S.C. § 3582(c)(1)(A)).

The Tenth Circuit recently endorsed a three-step test for deciding motions under § 3582(c)(1)(A). *Id*. at 1042 (citing *United States v. Jones*, 980 F.3d 1098, 1107 (6th Cir. 2020)).  If a defendant has administratively exhausted her claim, the court may reduce a sentence if three requirements are met: (1) "extraordinary and compelling" reasons warrant a reduction; (2) the "reduction is consistent with applicable policy statements issued by the Sentencing Commission;" and (3) the reduction is consistent with any applicable factors set forth in 18 U.S.C. § 3553(a). *Id*. A court may deny the motion when any requirement is lacking, and the court need not address the other requirements. *Id*. at 1043.  But all the requirements must be addressed when the court grants a motion for release under the statute. *Id*.

The Tenth Circuit has held that the court has independent discretion to determine whether a defendant has shown "extraordinary and compelling reasons" that warrant a reduction. *See McGee*, 992 F.3d at 1044, 1048.  "[E]xtraordinary" means "exceptional to a very marked extent."

*United States v. Ford*, No. CR 10-20129-07-KHV, ___ F. Supp. 3d ___, 2021 WL 1721054, at *3 (D. Kan. Apr. 30, 2021) (quoting *United States v. Baydoun*, No. 16-20057, 2020 WL 4282189, at *2 (E.D. Mich. July 27, 2020)) (quoting extraordinary, Webster's Third International Dictionary, Unabridged (2020)). Although not binding on this court, the Sentencing Commission has recognized that grounds for release due to extraordinary and compelling reasons can include a (1) defendant's medical condition; (2) age; (3) family circumstances; and (4) a catchall category of an "extraordinary and compelling reason other than, or in combination with," the first three categories. *Id*. (citing U.S.S.G. § 1B1.13, Reduction In Term Of Imprisonment Under 18 U.S.C. § 3582(c)(1)(A) (Policy Statement), cmt. n.1 (Nov. 2018)) and *United States v. Carr*, No. 20-1152, 851 F. App'x. 848, 853-54 (10th Cir. Apr. 14, 2021) (district court has discretion to consider definition of extraordinary and compelling reasons in Section 1B1.13 application notes).

With respect to the second requirement (whether a reduction is consistent with applicable policy statements), the Tenth Circuit has held that the current Sentencing Commission policy statement on extraordinary circumstances does not constrain a court's discretion to determine whether circumstances are extraordinary and compelling because that provision applies only to motions filed by the Director of the BOP, not to motions filed by a defendant. *United States v. Maumau*, 993 F.3d 821, 837 (10th Cir. 2021).

Defendant bears the burden of establishing that compassionate release is warranted under the statute. *See, e.g., United States v. Dial*, No. 17-20068-JAR, 2020 WL 4933537 (D. Kan. Aug. 24, 2020); *United States v. Dixon*, No. 18-10027-02-JWB, 2020 WL 6483152, at *2 (D. Kan. Nov. 4, 2020).

**IV. Analysis**

A. <u>Exhaustion</u>.  The court finds Defendant has exhausted her administrative remedies on the request for sentence reduction.  The government has supplied evidence that the claim has been exhausted and concedes it is sufficient to show exhaustion.  (Doc. 52 at 6; 52-2 at 1.)

B. <u>Section 3353(a) factors</u>.  After considering the circumstances, the court concludes Defendant has failed to show that a sentence reduction is consistent with the applicable factors in § 3553(a).  The nature and circumstances of Defendant's offenses, and her history and characteristics, weigh against a reduction.  As shown by the PSR, Defendant's offenses were serious and involved several threats of violence to others.  In the bank robbery offense, Defendant passed a note to a bank teller that stated, "Give me $1000 or I will shoot you."  (Doc. 38 at 6.)  As the teller reached for money to give her, Defendant said, in an apparent warning against activating an alarm, "If you push it, I will do it."  (*Id.*)  In the second robbery offense, Defendant threatened to strangle a store clerk with a rope unless the clerk gave her money.  (*Id.* at 8.)  In the third robbery offense, Defendant grabbed a store clerk around the neck, held a knife to her neck, and demanded that the clerk give her money.  Defendant continued to hold the clerk by the neck after obtaining money and told the clerk, "Walk with me," as they went to the front door of the store.  Defendant then left and got in a taxicab in the parking lot.  She proceeded to grab the cab driver around the neck, held a knife to his throat, and told him where to take her.  Defendant held a knife to the driver's throat throughout the encounter.  After the incident, both the store clerk and the driver had visible marks on their necks from the knife.  (*Id.* at 8-10.)

The court concludes the total sentence of 84 months (including the remaining portion of approximately 24 months) remains necessary to reflect the seriousness of the offenses, to promote respect for the law, and to provide just punishment for the offenses.  The initial sentence of 84 months itself reflected a significant reduction from the advisory guideline range applicable to the

offenses. The sentence undoubtedly took into account Defendant's personal struggles, the likelihood that her behavior was influenced by her drug dependency, and her lack of criminal history. Defendant appears to be doing well insofar as her drug dependency is concerned, as indicated by the assertion that she has now experienced four years of sobriety. Defendant has also shown that she has significant potential to become a productive member of society, as indicated by her past service, her academic achievements, and a supportive family that remains willing to help her. But her prior conduct while on release also indicates to the court that the current sentence remains necessary to afford adequate deterrence to criminal conduct and to protect the public from further crimes by Defendant. The court notes Defendant does require medical care but can obtain the required care from the facility where she is incarcerated. Finally, the court concludes the current sentence is appropriate and necessary to avoid unwarranted sentencing disparities among defendants with similar records who have been found guilty of similar conduct.

**V. Conclusion**

Defendant's motion for sentence reduction (Doc. 46) is DENIED. IT IS SO ORDERED this 7th day of September, 2021.

_____s/ John W. Broomes_____
JOHN W. BROOMES
UNITED STATES DISTRICT JUDGE